## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOEL AIKEN,

    Plaintiff,

    vs.

Allstate Insurance Co.,

    Defendant.

Case No. 3:21-cv-1680

**JURY TRIAL DEMANDED**

## COMPLAINT
## <u>General Allegations</u>

NOW COMES, the Plaintiff, JOEL AIKEN, by and through his attorney, Paul J. Schafer, SCHAFER LAW, LLC, and for his Complaint and Jury Demand in this action against the Defendant, ALLSTATE INSURANCE CO., respectfully alleges as follows:

1. Plaintiff brings this action to the Court against the Defendant under the Americans with Disabilities Act of 1990 (ADA), specifically, 42 U.S.C. § 12112 et seq., and 28 U.S.C. 1343, for Defendant's unlawful employment practices against Plaintiff based on his disability and protected activity. This action seeks declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of the ADA.

2. Defendant violated the ADA in two ways. First, it discriminated against Plaintiff by failing to accommodate his diagnosed disability. Second, it retaliated against Plaintiff by terminating his employment after the disclosure of his disability and request for an accommodation.

3. Specifically, Plaintiff requested support staff for his Allstate Insurance office to which Defendant never provided. Further, Defendant unlawfully terminated Plaintiff after Plaintiff disclosed his disability diagnosis.

4. Plaintiff was employed as a property and casualty insurer as an "Exclusive Agent" by the Defendant since July of 1999 until terminated by Defendant on May 30, 2020.

5. Plaintiff is a resident of Illinois. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

6. At all times mentioned herein, Defendant, Allstate Insurance Company was and is an entity registered and doing business in the State of Illinois.

7. Defendant had fifteen (15) or more employees throughout the relevant time period.

8. At all relevant times, Defendant met the definition of "employer" under all applicable statutes.

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. This action is authorized and instituted pursuant to the ADA as amended, 42 U.S.C. §§ 12101 et seq.

10. Plaintiff filed timely charge with the Illinois Department of Human Rights (IDHR) alleging the unlawful discrimination based on disability on October 7, 2020.

11. Plaintiff received Notice, September 15, 2021 that he could commence a civil action in the appropriate state court within ninety (90) days after the receipt of the Notice, December 14, 2021, attached hereto as "Exhibit A."

12. Any and all other prerequisites to the filing of this suit have been met.

WHEREFORE, Plaintiff prays for relief as listed in Counts I and II.

**JURY TRIAL DEMANDED**

SCHAFER LAW, LLC

By: _____

Jay Schafer, IL Reg. No. 6226013

**Count I**
**Wrongful Termination**

1-12.   Plaintiff repeats and realleges Paragraph 1 through Paragraph 12 of the General
Allegations as and for Paragraph 1 through Paragraph 12 of Count I as though
said paragraphs were set out fully herein.

13.   Plaintiff was under the exclusive control of Defendant as an employee. Plaintiff
was restricted to only selling Defendant's line of insurance policies, required to
attend Defendant's mandated training, operate according to Defendant's office
hours, meet specific quotas set by Defendant, and hire support staff that has been
trained by Allstate.

14.   Plaintiff had requested assistance, from Tim McGhee, Allstate Insurance Field
Sales Leader, in hiring support staff for his Allstate agency, specifically that he be
provided with a list of pre-qualified candidates.

15.   Plaintiff was qualified to perform the essential duties of an "Exclusive Agent"
position with the requested reasonable accommodation.

16.   Despite Plaintiffs request, he was never provided with a list of pre-qualified
candidates or any other assistance with Plaintiff's Allstate agency. However, other
non-disabled agents in the area received the list and were able to get assistance in
hiring support staff.

17.   All the accommodations that Plaintiff requested were reasonable.

18. Defendant did not make a good faith effort to accommodate Plaintiff's disability.

19. None of Plaintiff's requested accommodations would have requested undue hardship for Defendant.

20. Plaintiff was diagnosed with Ataxia on December 9, 2019. From December 9, 2019 to the present, Plaintiff has been physically impaired due to his diagnosis of Ataxia.

21. That Plaintiff's Ataxia substantially limits his major life activities by not allowing him to have full control over his bodily movements. Plaintiff's Ataxia has caused difficulty in his mobility, change in his speech, difficulty in picking up small things with his hands, involuntary head movements, and tense neck muscles.

22. At all relevant times, Plaintiff was "disabled" pursuant to the ADA because he was actually impaired as described in 42 U.S.C. § 12102(1)(A).

23. After receiving his diagnosis, Plaintiff shared his diagnosis with Kevin Martin, who was the Field Sales Leader with Allstate Insurance at the time of his diagnosis.

24. On February 11, 2020, Plaintiff's Neurologist discussed the possibility of Plaintiff not continuing to work due to his diagnosis and draw disability benefits. Plaintiff then shared this information with Kevin Martin.

25. On February 21, 2020, Plaintiff received notification that his contract with Allstate insurance was being terminated as of May 30, 2020.

26. Defendant is liable for the acts and omissions of its agents and employees.

27. Defendant acted with malice or reckless indifference to Plaintiff's federal protected rights under the ADA when it refused to provide a reasonable accommodation for his disability.

28. Defendant knowingly and intentionally discriminated against Plaintiff because of his disability.

29. Plaintiff was terminated on the basis of his disability.

WHEREFORE, Plaintiff prays this Court enter judgment for Plaintiff and against the Defendant for:

(a) Appropriate declaratory and other injunctive and/or equitable relief;

(b) Compensatory and consequential damages, including damages for emotional distress and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) All economic losses on all claims allowed by law;

(d) Punitive damages on all claims allowed by law in an amount to be determined at trial; and

(e) Any further relief that this court deems just and proper, and any other relief laws allowed by law.

**JURY TRIAL DEMANDED.**

**SCHAFER LAW, LLC**

By: _____

Jay Schafer, IL Reg. No. 6226013

## Count II
**Discrimination Based on Disability**

1-12.   Plaintiff repeats and realleges Paragraph 1 through Paragraph 12 of General Allegations as and for Paragraph 1 through Paragraph 12 of Count III as though said paragraphs were set out fully herein.

13-29. Plaintiff repeats and realleges Paragraph 13 through Paragraph 29 of Count I as
and for Paragraph 13 through Paragraph 29 of Count II as though said
paragraphs were set out fully herein.

WHEREFORE, Plaintiff prays this Court enter judgment for Plaintiff and against the
Defendant for:

(f) Appropriate declaratory and other injunctive and/or equitable relief;

(g) Compensatory and consequential damages, including damages for emotional
distress and other pain and suffering on all claims allowed by law in an amount to
be determined at trial;

(h) All economic losses on all claims allowed by law;

(i) Punitive damages on all claims allowed by law in an amount to be determined at
trial; and

(j) Any further relief that this court deems just and proper, and any other relief laws
allowed by law.

**JURY TRIAL DEMANDED.**

**SCHAFER LAW, LLC**

By: _____

Jay Schafer, IL Reg. No. 6226013

Jay Schafer, IL Reg. No. 6226013
SCHAFER LAW LLC
108 North VanBuren St.
PO Box 928
Marion, IL 62959
Phone: 618-997-4877
Fax: 618-997-4888
Email: jschafer@mschaferlaw.com